MEMORANDUM *
Tradewind Products, Inc. (“Tradewind”) appeals from the district court’s grant of summary judgment in favor of Hartford Fire Insurance Company and Hartford Casualty Insurance Company (“Hartford”). The district court determined that Hartford had no duty to defend a lawsuit brought by Guthy-Renker Corporation against Tradewind because the First Amended Complaint (“Complaint”) did not create any potential liability that would be covered under Hartford’s 2000 — 01 or 2001 — 02 policies (the “Policies”) insuring Tradewind. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse.
Hartford had a duty to defend Tradewind because the Complaint raised issues that were potentially within the Policies’ coverage. The 2000 — 01 Policy imposed on Hartford a “duty to defend any ‘suit’ seeking ... damages” for “ ‘[advertising injury’ caused by an ‘advertisement’ of [Tradewind’s] goods, products, or services,” and the 2001 — 02 Policy imposed *4 such a duty for an “ ‘[a]dvertising injury’ caused by an offense arising out of [Trade-wind’s] business.” Both Policies defined “[a]dvertising injury” in relevant part as “[i]nfringement of copyright ... in [Trade-wind’s] ‘advertisement.’ ”
Tradewind concedes that the two incidents set forth as “background facts” in the Complaint — the 2001 posting of authentic but grey market PROACTIV ® product on its website and the 2003 sale of counterfeit PROACTIV ® product at an As Seen On TV store — are not covered under the Policies for reasons not disposi-tive here. Nevertheless, the Complaint repeatedly uses the term “advertising” in broad terms that encompass ongoing use of copyrighted materials in online and other advertising. See Complaint at ¶¶ 1, 24, 42, 44. Specifically, the Complaint alleges that Tradewind’s “manufacture, importation, advertising and sales of counterfeit PROACTIV ® Solution products constitute copyright infringement.” It also alleges that “Plaintiff is entitled to recover all profits received ... by defendants in connection with them manufacturing, importing, advertising and sales of the counterfeit PROACTIV ® Solution products which are copies of Plaintiffs proprietary products.” Nowhere does the Complaint limit liability to the two specified incidents; rather, the language is sufficient to potentially bring the Complaint within the Policies’ “advertising injury” coverage, which triggers Hartford’s duty to defend. See Gray v. Zurich Ins. Co., 65 Cal.2d 263, 275 n. 15, 54 Cal.Rptr. 104, 419 P.2d 168 (1966) (“[T]he insui’er need not defend if the third party complaint can by no conceivable theory raise a single issue which could bring it within the policy coverage.”); Lebas Fashion Imps, of U.S. v. ITT Hartford Ins. Group, 50 Cal.App.4th 548, 555-56, 59 Cal.Rptr.2d 36 (Ct.App.1996) (“[A]n insurer must defend any action which potentially seeks damages within the coverage of the policy” and “[a]ny doubt as to whether the facts give rise to a duty to defend is resolved in the insured’s favor.”).
This duty to defend is not negated by the first-publication exclusion in the Policies, as the alleged 2001 posting of legitimate PROACTIV ® Solution products on Tradewind’s website is distinct from the Complaint’s allegations of copyright infringement through the advertising of counterfeit PROACTIV ® Solution products. See Atl. Mut. Ins. Co. v. J. Lamb, Inc., 100 Cal.App.4th 1017, 1038-40, 123 Cal.Rptr.2d 256 (Ct.App.2002).
The district court determined that “there can be no breach of the implied covenant of good faith and fair dealing” in light of its ruling in favor of Hartford. Because we reverse the district court’s grant of summary judgment in favor of Hartford, we necessarily reverse its legal conclusion that Hartford did not breach the implied covenant of good faith and fair dealing. See Filippo Indus., Inc. v. Sun Ins. Co. of N.Y., 74 Cal.App.4th 1429, 1441, 88 Cal.Rptr.2d 881 (Ct.App.1999) (“[Pjublic policy mandates that the reasonableness of the insurer's decision must be evaluated as of the time it was made, and that no subsequent court ruling can be the justification for the decision.”).
REVERSED and REMANDED for further proceedings.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.